[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 07-10605
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-20540-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HIKMET PEREZ,

Defendant-Appellant.

------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------------

**(April 1, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Hikmet Perez appeals his 60-month sentence imposed following his guilty plea to knowingly and intentionally manufacturing and possessing with intent to distribute 100 or more marijuana plants, in violation of

21 U.S.C. § 841(a)(1).  The government has confessed error and supports Defendant's request that his sentence be vacated.

Two issues are raised in this appeal: whether the district court committed reversible error when it (i) denied Defendant safety-valve relief; and (ii) denied Defendant an additional one-point reduction for acceptance of responsibility.  Both issues are subject to plain error review because they are raised for the first time on appeal.  See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  The government concedes that Defendant has satisfied all criteria for plain error relief and supports his remand request.[1]

We accept the government's concession of reversible error under the particular facts and circumstances presented here.  Accordingly, we VACATE and REMAND for resentencing.

**VACATED AND REMANDED.**

---

[1]The government supports Defendant's remand request on both issues but also maintains that the acceptance-of-responsibility issue is of no import.  If resolution of this issue can have no sentencing impact, a showing that the error affected substantial rights -- which is required to remedy plain error -- is, at the very least, problematic.  See United States v. Cotton, 122 S.Ct. 1781, 1786 (2002).  In the light of the government's agreement that remand is appropriate and because the record on this issue may benefit from further development, we accede to the parties's request on this issue.